IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |
|---|---|
| In re COMPLAINT OF F/V MISTY BLUE, LLC and SEA HARVEST, INC. as owners and/or owners Pro Hac Vice of F/V MISTY BLUE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil No. 17-12773 (RMB/AMD) <br><br> **OPINION** |

**BUMB**, United States District Judge:

This matter comes before the Court upon the parties' responses to the Court's March 12, 2018 Order, [Dkt. No. 18], requiring Plaintiffs F/V Misty Blue LLC and Sea Harvest, Inc. (the "Plaintiffs") to show cause why this matter should not be transferred, pursuant to Supplemental Admiralty and Maritime Claims Rule F(9), to the United States District Court for the District of Massachusetts (the "District of Massachusetts"). For the following reasons, the Court will transfer this action to the District of Massachusetts.

I. **Background**

This case arises from the sinking of the F/V Misty Blue (the "Misty Blue"), a commercial fishing vessel. The Misty Blue departed on a clamming voyage from Fairhaven, Massachusetts on or about December 2, 2017, and was lost at sea on or about

December 4, 2017, off the coast of Massachusetts. When the Misty Blue sank, two of her crew members were rescued, but two others—Jonathan Saraiva and Michael Roberts (the "Decedents")—did not survive. The Massachusetts State Police recovered the bodies of the Decedents, and Coast Guard personnel in Massachusetts are currently investigating the Misty Blue's sinking. Plaintiffs allege that the only item salvaged from the Misty Blue is a life raft.

Plaintiffs were the titled owner (F/V Misty Blue, LLC) and owner pro hac vice (Sea Harvest, Inc.) of the Misty Blue in 2017. F/V Misty Blue, LLC, is a Rhode Island LLC wholly owned by Fishing Vessel Enterprises, Inc., a Florida corporation whose sole shareholder is a resident of Florida. (See Affadavit of Sam Martin ("Martin Aff.," Dkt. No. 21-1, at ¶5). Sea Harvest is a New Jersey corporation with its principal place of business in Cape May, New Jersey. (Id. at ¶ 1).[1]

---

[1] Based on affidavits submitted to the Court by Plaintiffs, it appears that at the time of the casualty here, Sea Harvest was in the process of transferring its responsibilities with regard to the Misty Blue to Atlantic Harvesters, LLC. Atlantic Harvesters is incorporated in Rhode Island, and is wholly owned by Galilean Seafood, LLC, a subsidiary of Atlantic Capes Fisheries, Inc., a New Jersey corporation whose sole shareholder is the same Florida resident who owns F/V Misty Blue, LLC and Sea Harvest. Each of these, and other related entities, are alleged to have administrative offices located in New Jersey. With regard to the transfer of responsibilities, Plaintiffs indicate that "[a]t the time of the casualty on December 4, 2017, [Sea Harvest] continued to make all major decisions regarding the maintenance, repair, and alterations" of the Misty

The Purported Claimants are the Estates of the Decedents, which are represented by Roberts's widow, Tammy ("Mrs. Roberts") and Saraiva's father, Phillip ("Mr. Saraiva"). Mrs. Roberts and Mr. Saraiva are both Massachusetts residents, as were the Decedents.

The survivors of the Misty Blue's sinking, Captain Erik Arabian and Colby McMullen, are believed to be residents of Massachusetts. The Purported Claimants have also indicated that several vessels—namely the F/V Enterprise; the F/V Lorie Anne; the F/V Lauren and the F/V Mariette—were in the vicinity of the Misty Blue when she sank, and that the crews of those ships, believed to be Massachusetts based, are witnesses to the conditions surrounding the Misty Blue's sinking. In addition, the Purported Claimants have provided the names of (1) several former crew members of the Misty Blue, including former Captain Doug Capek, who are believed to live and/or work in Massachusetts and who are believed to possess information about the seaworthiness of the Misty Blue and the knowledge of her

---

Blue, and that Sea Harvest is the party who submitted the Report of Marine Casualty to the United States Coast Guard. (Martin Aff. ¶ 15).

The Purported Claimants contend, citing news releases and dockets from Massachusetts federal court cases, that Plaintiffs have more ties to Massachusetts than they let on in this action. For the reasons discussed below, the Court need not resolve this dispute as such resolution is not material to the Court's decision.

3

owners; William Rebelo, the former owner of a crane that was installed on the Misty Blue, who is believed to live and/or work in Massachusetts; and several other individuals, all believed to live and/or work in Massachusetts, who either performed work on the Misty Blue or were involved with her maintenance.

On December 7, 2017, Plaintiffs filed a Complaint for Exoneration from or Limitation of Liability, pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., seeking to limit their potential liability for the loss of the Misty Blue to $3150, the value of the remaining life raft. [Dkt. No. 1]. On December 13, 2017, the Court accepted Plaintiffs' Ad Interim Stipulation of Value for Security, valuing Plaintiffs' remaining interest in the Misty Blue at $3150, subject to an appraisement pursuant to Supplemental Admiralty Rule F(7) upon motion of any claimant. On the same day, the Court entered an Order (1) admonishing all persons with claims arising out of the sinking of the Misty Blue to file such claims in this Court by March 16, 2018; (2) enjoining further prosecution of any and all suits, actions, and proceedings relating to the sinking of the Misty Blue against Plaintiffs in any court; and (3) requiring Plaintiffs to publish public notice of the Court's Order and to mail a copy of such notice to the Estates of Saraiva and Roberts at each of the Decedents' last known addresses.

On March 1, 2018, the Purported Claimants filed a letter with the Court[2], which the Court interpreted as a request for a pre-motion conference regarding a motion to transfer venue pursuant to the Court's Individual Rules and Procedures. [See Dkt. No. 9]. The Court held a telephone conference on March 12, 2018, at the conclusion of which it Ordered that Plaintiffs show cause, by March 26, 2018, why this matter should not be transferred, pursuant to Supplemental Admiralty and Maritime Claims Rule F(9), to the United States District Court for the District of Massachusetts, and extended the monition period to April 18, 2018. [Dkt. No. 18]. The parties' responses to that Order are currently pending.

**II. Legal Standard**

Venue—and transfer of venue—in admiralty suits for exoneration from or limitation of liability is governed by

---

[2] In each of their filings with the Court, the Purported Claimants include a footnote indicating that they object to the Court's exercise of personal jurisdiction over them. The Court does not, and need not, decide whether it would have personal jurisdiction over the Purported Claimants were they defendants in the traditional sense of the term. The Limitation of Liability Act provides for a "concursus" of claims in one federal district court. If the Purported Claimants wish to file claims against Plaintiffs, or argue that Plaintiffs are not entitled to the protections of the Limitation of Liability Act, they must go to the only court in which such claims may be filed. If every potential claimant could simply argue that the court in which the limitation action was filed lacks personal jurisdiction over them, and thus they need not file claims before that Court, a concursus of claims would not be achievable and the Limitation Act would be rendered useless.

Supplemental Federal Rule of Civil Procedure F(9). Rule F(9) provides that

> [t]he complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district.

With regard to transfer of venue, Rule F(9) provides "[f]or the convenience of the parties and witnesses, in the interest of justice, the court may transfer the action to any district," and that "if venue is wrongly laid the court shall dismiss, or, if it be in the interest of justice, the court may transfer the action to any district in which it could have been brought."

Rule F(9) is "similar to the transfer provision under 28 U.S.C. § 1404(a), and the analysis is familiar." In the Matter of the Complaint of Weeks Marine, Inc., No. 16-1463, 2016 U.S. Dist. LEXIS 77808 at *2, 2016 WL 3410166 (D.N.J. June 14, 2016); see also Advisory Committee Note to Supplemental Rule F(9)("The provision for transfer is revised to conform closely to the language of 28 U.S.C. §§ 1404(a) and 1406(a), though it retains the existing rule's provision for transfer to any district for

6

convenience."). Accordingly, when deciding a motion for transfer of venue pursuant to Rule F(9), courts consider the factors enumerated in the rule (the same as those enumerated in § 1404): the convenience of the parties, the convenience of witnesses, and the interest of justice. In addition, courts in this Circuit have considered "non-exclusive public and private interest factors" including

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

In re Viking Sport Cruisers, Inc., No. CV 15-8749(NLH/KMW), 2017 WL 729691, at *2 (D.N.J. Feb. 24, 2017)(citing and quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)). Courts also consider additional factors such as

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home; the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

Matter of the Complaint of Weeks Marine, Inc., 2016 WL 3410166, at *2 (quoting Jumara, 55 F.3d at 879-80).

**III. Analysis**

As Plaintiffs correctly point out, the ultimate issue in this type of proceeding is the determination of the vessel owner's right to limit its liability. This determination involves a two-step inquiry: "first, the court must determine w[hether] acts of negligence or conditions of unseaworthiness caused the accident, and second, the court must determine whether the owner of the vessel had 'knowledge or privity' of these acts of negligence or conditions of unseaworthiness." In re Yanuzzi, No. CIV. 10-1676 NLH/JS, 2011 WL 4594182, at *1 (D.N.J. Sept. 30, 2011)(citing In re Munyan, 1992 WL 13196, *2 (D.N.J. 1992) (citations omitted))(additional citations omitted). After considering all of the applicable factors concerning transfer of venue with this in mind, the Court finds that that transfer to the District of Massachusetts is warranted.[3]

Most importantly, the casualty here occurred off the coast of Massachusetts. As recognized by courts in this and other districts, the location of the casualty is often "[o]f primary

---

[3] The parties quarrel over whether venue was properly laid in this District. Because the Court relies on its discretion to transfer this matter, a determination on this issue would not impact the Court's decision on this matter. Accordingly, the Court will not address this issue and will exercise its discretion to transfer this case to the District of Massachusetts.

8

significance" in the transfer analysis. See In re Viking Sport Cruisers, Inc., 2017 WL 729691, at *2 (D.N.J. Feb. 24, 2017) (citing In re: Norfolk Dredging Co., 240 F. Supp. 2d 532, 537 (E.D. Va. 2002); In re: Weeks Marine, Inc., No. 16-cv-1463 (KM)(JBC), 2016 WL 3410166 (D.N.J. June 14, 2016); In re: Campbell Transp. Co., Inc., 368 F. Supp. 2d 553 (N.D.W.V. 2005); In re: Bankers Trust Co., Trustee, 640 F. Supp. 11 (E.D. Pa. 1985). Massachusetts has an interest in "deciding [this] local controvers[y] at home." Jumara, 55 F.3d at 879.

In considering the convenience of the parties, the Court finds that the Purported Claimants[4] would face greater inconvenience were this case to proceed in this Court than Plaintiffs would face in Massachusetts. The Purported Claimants are individuals from Massachusetts with no apparent connections to New Jersey. The Plaintiffs, on the other hand, are business entities who, as is evidenced by the facts of this case alone (even at this early stage in the litigation), have strong connections to Massachusetts.

In addition, the great majority of the witnesses in this case appear to reside in Massachusetts. While these non-party witnesses could be compelled to participate in discovery, they cannot be compelled to appear in this Court. See Fed. R. Civ. P.

---

[4] The Purported Claimants have not yet filed claims in this matter, but they have indicated that they intend to do so.

9

45(c) ("A subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ."). They could, however, be compelled to appear in person in the District of Massachusetts. As noted above, these witnesses include the surviving crew members of the Misty Blue and those who have performed repairs and maintenance on the vessel, among others. Aside from the owners themselves, these individuals are likely among those best positioned to provide evidence regarding the seaworthiness of the Misty Blue, whether her sinking was the result of negligence, and whether the Plaintiffs were aware of any dangerous conditions.

Finally, the investigation of the events underlying this action—the sinking of the Misty Blue—is being conducted by the Coast Guard in Massachusetts. In similar cases, courts have found in favor of transferring venue to the district in which such an investigation is pending. See, e.g., In re Viking Sport Cruisers, Inc., 2017 WL 729691, at *2 n. 3.

The Court finds that these factors substantially outweigh this case's sole connection to New Jersey, Sea Harvest's incorporation in this state, and that the interests of justice will be best served if this case proceeds in Massachusetts.

**IV. Conclusion**

For the foregoing reasons, the Court will transfer this matter to the United States District Court for the District of Massachusetts. In order to ensure that the Purported Claimants are able to timely file their claims, the Court will also extend the monition period an additional fourteen days, to May 2, 2018. An accompanying Order shall issue on this date.

                                                s/ Renee Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge

DATED: April 18, 2018